D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
**DAVID FEYDER REUVENI on behalf of himself and others similarly situated,**

           Plaintiff,

           v.

**UNAPOLOGETIC FOODS, LLC, ESSEX HOSPITALITY, LLC, d/b/a DHAMAKA RESTAURANT, MASALAWALAPS, LLC, d/b/a MASALAWALA RESTAURANT, THOMSON HOSPITALITY LLC d/b/a ADDA INDIAN CANTEEN, TAPESTRY MANAGEMENT, LLC d/b/a SEMMA SOUTHERN INDIAN, DEBABRATA RONI MAZUMDAR and CHINTAN PANDYA,**

           **Defendants.**
-------------------------------------------------------x

<u>COMPLAINT</u>

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. Unapologetic Foods boasts on its website: "Our leadership team comprises of passionate individuals who deeply care for the well-being of the restaurants, teams, and the community."

2. Unfortunately for the service employees, this is simply not the case. Unapologetic Foods is unapologetic about overworking its employees for subminimum wage pay, cheating them out of overtime pay, and stealing their tips.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

5. All Defendants are hereinafter collectively referred to as "Defendants."

6. Defendant ESSEX HOSPITALITY LLC is a New York limited liability company. Defendant Essex Hospitality LLC operates Dhamaka Restaurant ("Dhamaka") on the Lower East Side of Manhattan.

7. Essex Hospitality LLC has an annual gross volume of sales in excess of $500,000.

8. Defendant MASALAWALAPS LLC is a New York limited liability company. Defendant MASALAWALAPS LLC operates Masalawala Restaurant ("Masalawala") in Brooklyn.

9. Masalawalaps LLC has an annual gross volume of sales in excess of $500,000.

10. Defendant THOMSON HOSPITALITY LLC is a New York limited liability company. Defendant Thomson Hospitality LLC operates Adda Indian Canteen ("Adda") in Long Island City, NY.

11. Thomson Hospitality LLC has an annual gross volume of sales in excess of $500,000.

12. Defendant TAPESTRY MANAGEMENT, LLC is a New York limited liability company. Defendant Tapestry Management, LLC operates Semma Southern Indian ("Semma") restaurant in the West Village, NY.

13. Tapestry Management LLC has an annual gross volume of sales in excess of $500,000.

14. Defendant UNAPOLOGETIC FOODS, LLC, is a New York limited liability company that owns Semma, Adda, Masalawala and Dhamaka (the "Restaurant Defendants") and operates as their umbrella company.

15. Unapologetic Foods LLC has an annual gross volume of sales in excess of $500,000.

16. Defendant Roni Mazumdar is the CEO and an Owner of each of the Restaurant Defendants. He is frequently present at each restaurant and has hands-on involvement in all management issues, including menus, personnel, real estate, and payroll practices.

17. Defendant Chintan Pandya an Owner of each of the Restaurant Defendants. He is frequently present at each restaurant and has hands-on involvement in all management issues, including menus, personnel, real estate, and payroll practices.

18. Each of the Restaurant Defendant's individual websites describe the restaurants as being run by or the product of the work of Defendants Pandya and Mzumdar.

19. Unapologetic Foods' general website and each restaurant's individual website indicates clearly that Unapologetic Foods runs all four restaurants through its leadership team, which includes Defendants Pandya and Mzumdar.

20. The Restaurant Defendants regularly schedule employees to work at multiple locations in a given week.

21. Plaintiff David Feyder Reuveni worked for Defendants as a server at Dhamaka and Masalawala from August 2022 to December 2022.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs bring the First Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all captains, servers, bartenders, runners, and bussers employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

23. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

24. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

25. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all captains, servers, bartenders, runners, and bussers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

26. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

27. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

28. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or

wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

29. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiff and Class members for overtime.

e) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

f) Whether Plaintiffs and Class members were forced to share their tips with parties who are not entitled to their tips.

g) Whether Defendants provided Plaintiff and Class members with the proper notices.

## FACTS

33. Plaintiff's Consent to Sue form is attached as Exhibit A.

34. Defendants committed the following alleged acts knowingly, intentionally and willfully.

35. Defendants paid Plaintiff pursuant to the New York food service workers minimum wage. This amount was at all times less than the full New York minimum wage.

36. Defendants were not entitled to use state tip credits to pay Plaintiff less than the minimum wage, because (a) they did not give Plaintiff proper notice of the tip credit, and (b) they regularly required Plaintiff more than 2 hours per day or 20% of his workday performing non-tipped work.

37. Defendants did not give Plaintiff proper notices of his rate of pay, as required by NYLL § 195.

38. Plaintiff typically worked 5-6 shifts per week at Dhamaka and/or Masalawala. Plaintiff was typically required to arrive at 3:00 p.m. (at times 3:30 pm at Masalawala) for a shift and perform sidework until about 4:45 p.m., when he attended a pre-shift meeting during which he was allowed to eat.

39. Plaintiff's sidework included cleaning the restaurant, setting up tables, dining sets, and cleaning bathrooms.

40. Plaintiff served patrons from about 5:00 p.m. until closing. The kitchen closed at about 10:00 p.m., and Plaintiff was required perform another 30-45 minutes of sidework after the last patron left.

41. Starting in early October 2022, Plaintiff worked each at both Masalawala and Dhamaka. When Plaintiff's cumulative total hours worked at both locations exceeded 40 in a workweek, Plaintiff was not paid for overtime. For example, for the week ending October 30, 2022, Plaintiff worked 23.42 hours at Masalawala, and 24.48 hours at Dhamaka. Plaintiff was paid $10 per hour for each of his hours worked, including those over 40, with no overtime premium.

42. For shifts worked at Dhamaka, Plaintiff was required to share tips with manager Tina Dolker, who made Plaintiff's weekly schedule and hired him to work for Defendants.

43. Plaintiff's paystubs did not properly note that Defendant intended to take a $5 tip credit from his hourly pay from the statutory minimum wage of $15 per hour.

44. Plaintiff also received separate paystubs from Dhamaka and Masalawala so that his actual hours were not computed above 40, even when he actually worked more than 40 hours in a week. Plaintiff was thus cheated out of his overtime pay.

45. Defendants knew that nonpayment of minimum wage/overtime and improperly forcing and/or the Plaintiffs to share their tips with management would economically injure Plaintiffs and violated federal and state laws.

46. Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)**

47. Plaintiff realleges and incorporate by reference all previous paragraphs.

48. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

49. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members that appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

50. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

51. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Himself and the Class)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage.

54. Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

55. Defendants' failure to pay Plaintiff and the Class members the New York minimum wage was willful.

56. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
Brought by Plaintiff on Behalf of Himself and the Class)

57. Plaintiff realleges and incorporates by reference all previous paragraphs.

58. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

59. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

60. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)
(Brought By Plaintiff on Behalf of Himself and the Class)

61. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62. Defendants willfully retained portions of Plaintiff's and Class Members' tips.

63. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class)**

64. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

65. Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information.

66. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state

claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       December 28, 2022

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
    D. Maimon Kirschenbaum
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.