**GRAE & GRAE, LLC**
Previn A. Waran (PW 2501)
The Equitable Building
120 Broadway, Floor 28
New York, New York 10271
Tel.: (212) 221-8763
E-mail: pwaran@graelaw.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID FEYDER REUVENI on behalf of himself and others similarly situated, | Civil Action No.: 1:22-cv-10930-JMF |
| *Plaintiff,* | |
| - against - | **ANSWER AND AFFIRMATIVE DEFENSES OF UNAPOLOGETIC FOODS, LLC, ESSEX HOSPITALITY, LLC, d/b/a DHAMAKA RESTAURANT, MASALAWALAPS, LLC, d/b/a MASALAWALA RESTAURANT, THOMSON HOSPITALITY LLC, d/b/a ADDA INDIAN CANTEEN, TAPESTRY MANAGEMENT, LLC, d/b/a SEMMA SOUTHERN INDIAN, DEBABRATA RONI MAZUMDAR and CHINTAN** |
| UNAPOLOGETIC FOODS, LLC, ESSEX HOSPITALITY, LLC, d/b/a DHAMAKA RESTAURANT, MASALAWALAPS, LLC, d/b/a MASALAWALA RESTAURANT, THOMSON HOSPITALITY LLC d/b/a ADDA INDIAN CANTEEN, TAPESTRY MANAGEMENT, LLC d/b/a SEMMA SOUTHER[N] INDIAN, DEBABRATA RONI MAZUMDAR and CHINTAN PANDYA, | |
| *Defendants.* | **PANDYA** |

Defendants UNAPOLOGETIC FOODS, LLC ("Unapologetic"), ESSEX HOSPITALITY,

LLC, d/b/a DHAMAKA RESTAURANT ("Dhamaka"), MASALAWALAPS, LLC, d/b/a

MASALAWALA RESTAURANT ("Masalawala"), THOMSON HOSPITALITY LLC, d/b/a

ADDA INDIAN CANTEEN ("Adda"), TAPESTRY MANAGEMENT, LLC, d/b/a SEMMA

SOUTHERN INDIAN ("Semma", and, together with Dhamaka, Masalawala, and Adda, the

"Restaurant Defendants"), DEBABRATA RONI MAZUMDAR ("Mr. Mazumdar"), and

CHINTAN PANDYA ("Mr. Pandya", and, together with Mr. Mazumdar, the "Individual

Defendants", and the Individual Defendants, together with the Restaurant Defendants, the "Defendants"), by and through their attorneys, Grae & Grae, LLC, do hereby allege, as and for their answer to the Amended Complaint (the "Complaint") of Plaintiff DAVID FEYDER REUVENI ("Plaintiff"), as follows:

## AS TO INTRODUCTION

1.      Unapologetic admits only that the quoted language appears on its website, and otherwise denies the allegations pleaded in paragraph 1 of the Complaint.

2.      The would-be "allegations" pleaded in paragraph 2 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 2 of the Complaint in their entirety.

## AS TO JURISDICTION AND VENUE

3.      The would-be "allegations" pleaded in paragraph 3 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to the codified law referenced therein for the true and complete contents thereof, which speak for themselves.

4.      The would-be "allegations" pleaded in paragraph 4 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to the relevant codified law regarding venue in this District for the true and complete contents thereof, which speak for themselves.

## AS TO THE PARTIES

5.     As to the allegations pleaded in paragraph 5 of the Complaint, Defendants respectfully direct reference to Plaintiff's definition and use of the term "Defendants" in the Complaint.

6.     Defendants admit only that Defendant Essex Hospitality LLC is a New York limited liability company, and otherwise deny having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations pleaded in paragraph 6 of the Complaint.

7.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the the allegations pleaded in paragraph 7 of the Complaint.

8.     Defendants admit the allegations pleaded in paragraph 8 of the Complaint.

9.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 9 of the Complaint.

10.     Defendants admit the allegations pleaded in paragraph 10 of the Complaint.

11.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 11 of the Complaint.

12.     Defendants admit the allegations pleaded in paragraph 12 of the Complaint.

13.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 13 of the Complaint.

14.     Defendants deny the allegations pleaded in paragraph 14 of the Complaint.

15.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 15 of the Complaint.

16.    Defendants deny, and shall put Plaintiff to his proofs with respect to, allegations pleaded in paragraph 16 of the Complaint.

17.    Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 17 of the Complaint.

18.    Defendants deny having knowledge or information sufficient to form a belief as to Plaintiff's understanding and/or interpretation of the contents of the Restaurant Defendants' websites, and to which Defendants respectfully direct reference for the true and complete contents thereof, which speak for themselves.

19.    Defendants deny having knowledge or information sufficient to form a belief as to Plaintiff's subjective beliefs as to what, if anything, Unapologetic's "general website," and each of the Restaurant Defendants' websites, "indicate," and otherwise direct reference thereto for the true and complete contents thereof, which speak for themselves.

20.    Defendants deny the allegations pleaded in paragraph 20 of the Complaint.

21.    Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 21 of the Complaint.

## AS TO FLSA COLLECTIVE ACTION ALLEGATIONS

22.    The would-be "allegations" pleaded in paragraph 22 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to Plaintiff's Complaint, generally, as well as the codified law referenced in paragraph 22 thereof, specifically, for the true and complete contents thereof, which speak for themselves.

23.     The would-be "allegations" pleaded in paragraph 23 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 23 of the Complaint in their entirety.

24.     The would-be "allegations" pleaded in paragraph 24 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to Plaintiff's Complaint, generally, as well as the codified law referenced in paragraph 24 thereof, specifically, for the true and complete contents thereof, which speak for themselves, and otherwise deny the allegations pleaded in paragraph 24 of the Complaint in their entirety.

## AS TO RULE 23 CLASS ALLEGATIONS – NEW YORK

25.     The would-be "allegations" pleaded in paragraph 25 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to Plaintiff's Complaint, generally, as well as the codified law referenced in paragraph 25 thereof, specifically, for the true and complete contents thereof, which speak for themselves.

26.     The would-be "allegations" pleaded in paragraph 26 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to Plaintiff's Complaint, generally, as well

as the codified law referenced in paragraph 26 thereof, specifically, for the true and complete contents thereof, which speak for themselves, and otherwise deny the allegations pleaded in paragraph 26 of the Complaint in their entirety.

27.     The would-be "allegations" pleaded in paragraph 27 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 27 of the Complaint in their entirety.

28.     The would-be "allegations" pleaded in paragraph 28 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 28 of the Complaint in their entirety.

29.     Defendants deny the allegations pleaded in paragraph 29 of the Complaint.

30.     The would-be "allegations" pleaded in paragraph 30 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 30 of the Complaint in their entirety.

31.     The would-be "allegations" pleaded in paragraph 31 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny having knowledge or information sufficient to form a belief as to the

truth of falsity of the allegations concerning "other employers[']" violations of the New York Labor Law, and otherwise deny the remaining allegations pleaded in paragraph 31 of the Complaint in their entirety.

32. The would-be "allegations" pleaded in paragraph 32 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants. To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to the codified law referenced therein for the true and complete contents thereof, which speak for themselves, and otherwise deny the allegations pleaded in paragraph 32 of the Complaint in their entirety.

## AS TO FACTS

33. Defendants respectfully direct reference to the "Consent to Sue form" referenced in paragraph 33 of the Complaint for the true and complete contents thereof, which speak for themselves.

34. The would-be "allegations" pleaded in paragraph 34 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants. To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 34 of the Complaint in their entirety.

35. Defendants respectfully direct reference to the relevant codified law concerning the "New York food service workers minimum wage" and the "New York minimum wage" for the true and complete contents thereof, which speak for themselves, and otherwise deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 35 of the Complaint.

36.     The would-be "allegations" pleaded in paragraph 36 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 36 of the Complaint in their entirety.

37.     The would-be "allegations" pleaded in paragraph 37 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to the codified law referenced therein for the true and complete contents thereof, which speak for themselves, and otherwise deny the allegations pleaded in paragraph 37 of the Complaint in their entirety.

38.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 38 of the Complaint.

39.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 39 of the Complaint.

40.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 40 of the Complaint.

41.     The would-be "allegations" pleaded in paragraph 41 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 41 of the Complaint.

42.     Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 42 of the Complaint.

43.     The would-be "allegations" pleaded in paragraph 43 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 43 of the Complaint.

44.     The would-be "allegations" pleaded in paragraph 44 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 44 of the Complaint.

45.     The would-be "allegations" pleaded in paragraph 45 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  Defendants deny, and shall put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 45 of the Complaint.

46.     The would-be "allegations" pleaded in paragraph 46 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 46 of the Complaint in their entirety.

47.     The would-be "allegations" pleaded in paragraph 47 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of

Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 47 of the Complaint in their entirety.

### AS TO FIRST CLAIM FOR RELIEF
(Alleged Unpaid Overtime Under the FLSA)

48.     Defendants repeat and reallege each and every response of the herein Answer and Affirmative Defenses of Unapologetic Foods, LLC, Essex Hospitality, LLC, d/b/a Dhamaka Restaurant, MasalawalaPS, LLC, d/b/a Masalawala Restaurant, Thomson Hospitality LLC, d/b/a Adda Indian Canteen, Tapestry Management LLC, d/b/a Semma Southern Indian, Debabrata Roni Mazumdar and Chintan Pandya (the "Answer") pleaded in paragraphs 1 through 47 hereof with the same force and effect as if fully set forth herein.

49.     The would-be "allegations" pleaded in paragraph 49 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny the allegations pleaded in paragraph 49 of the Complaint in their entirety.

50.     The would-be "allegations" pleaded in paragraph 50 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to the codified laws referenced, and the relevant decisional law interpreting their provisions, for the true and complete contents thereof, which speak for themselves, and otherwise deny the allegations pleaded in paragraph 50 of the Complaint in their entirety.

51.     The would-be "allegations" pleaded in paragraph 51 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to the codified laws referenced, and the relevant decisional law interpreting their provisions, for the true and complete contents thereof, which speak for themselves, and otherwise deny the allegations pleaded in paragraph 51 of the Complaint in their entirety.

52.     As concerns those allegations pleaded in paragraph 52 of the Complaint that concern the matter of on whose behalf Plaintiff purports to have instituted the instant action, Defendants respectfully directs reference to Plaintiff's Complaint, generally, for the true and complete contents thereof, which speak for themselves.  As for the remaining allegations pleaded in paragraph 52 of the Complaint, including, without limitation, Plaintiff's entitlement, as well as that of any others on whose behalf he purports to have instituted the instant action, to any of the relief referenced therein, Defendants deny same in their entirety.

## AS TO SECOND CLAIM FOR RELIEF
(Alleged Deductions from Gratuities Under the FLSA)

53.      Defendants repeat and reallege each and every response of the herein Answer pleaded in paragraphs 1 through 52 hereof with the same force and effect as if fully set forth herein.

54.     The would-be "allegations" pleaded in paragraph 54 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to the codified laws referenced, and the relevant decisional law interpreting their provisions, for the true and complete contents thereof,

which speak for themselves, and otherwise deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 54 of the Complaint.

55.     The would-be "allegations" pleaded in paragraph 55 of the Complaint concerning Plaintiff's use of the undefined term of "employee[s]", are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 55 of the Complaint.

56.     The would-be "allegations" pleaded in paragraph 56 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 56 of the Complaint.

57.     As concerns those allegations pleaded in paragraph 527 of the Complaint that concern the matter of on whose behalf Plaintiff purports to have instituted the instant action, Defendants respectfully directs reference to Plaintiff's Complaint, generally, for the true and complete contents thereof, which speak for themselves.  As for the remaining allegations pleaded in paragraph 52 of the Complaint, including, without limitation, Plaintiff's entitlement, as well as that of any others on whose behalf he purports to have instituted the instant action, to any of the relief referenced therein, Defendants deny same in their entirety.

### AS TO THIRD CLAIM FOR RELIEF
(Alleged Unpaid Minimum Wage Under the NYLL)

58.     Defendants repeat and reallege each and every response of the herein Answer pleaded in paragraphs 1 through 57 hereof with the same force and effect as if fully set forth herein.

59.     The would-be "allegations" pleaded in paragraph 59 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 59 of the Complaint.

60.     The would-be "allegations" pleaded in paragraph 60 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 60 of the Complaint.

61.     The would-be "allegations" pleaded in paragraph 61 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 61 of the Complaint.

62.     Defendants deny the allegations pleaded in paragraph 62 of the Complaint in their entirety.

## AS TO FOURTH CLAIM FOR RELIEF
(Alleged Unpaid Overtime Under the NYLL)

63.     Defendants repeat and reallege each and every response of the herein Answer pleaded in paragraphs 1 through 62 hereof with the same force and effect as if fully set forth herein.

64.     The would-be "allegations" pleaded in paragraph 64 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to

be required, Defendants respectfully direct reference to the relevant codified laws, and the relevant decisional law interpreting their provisions, for the true and complete contents thereof, which speak for themselves.

65.     The would-be "allegations" pleaded in paragraph 65 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 65 of the Complaint.

66.     Defendants deny the allegations pleaded in paragraph 66 of the Complaint in their entirety.

## AS TO FIFTH CLAIM FOR RELIEF
(Alleged Deductions from Gratuities Under the NYLL)

67.     Defendants repeat and reallege each and every response of the herein Answer pleaded in paragraphs 1 through 66 hereof with the same force and effect as if fully set forth herein.

68.     The would-be "allegations" pleaded in paragraph 68 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 68 of the Complaint.

69.     Defendants deny the allegations pleaded in paragraph 69 of the Complaint in their entirety.

## AS TO SIXTH CLAIM FOR RELIEF
(Alleged Violation of NYLL Notice Requirements)

70.     Defendants repeat and reallege each and every response of the herein Answer pleaded in paragraphs 1 through 69 hereof with the same force and effect as if fully set forth herein.

71.     The would-be "allegations" pleaded in paragraph 71 of the Complaint are, in reality, statements and/or conclusions of law, for which reason no response thereto is required of Defendants.  To the extent, if any, that a response thereto may nonetheless hereafter be deemed to be required, Defendants respectfully direct reference to the codified laws referenced, and the relevant decisional law interpreting their provisions, for the true and complete contents thereof, which speak for themselves, and otherwise deny, and shall hereafter put Plaintiff to his proofs with respect to, the allegations pleaded in paragraph 71 of the Complaint.

72.     Defendants deny the allegations pleaded in paragraph 72 of the Complaint in their entirety.

## AS TO PRAYER FOR RELIEF / AD DAMNUM
## SECTION OF COMPLAINT AND FACTS NOT ADMITTED

73.     Defendants deny that Plaintiff and/or the "FLSA Collective Plaintiffs" and/or the "members of the Class," as defined by him, is/are entitled to any of the relief for which he has prayed, or to which such entitlement has been alleged, in the *ad damnum* section of the Complaint, as well as any and all allegations that form the basis therefor.  Defendants further deny any and all allegations pleaded in this Complaint not expressly admitted herein.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

74.     Plaintiff's and/or the putative collective's claims fail, in whole or in part, to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

75.     Plaintiff's and/or the putative collective's claims are barred, in whole or in part, by documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

76.      Plaintiff's and/or the putative collective's claims are barred because Plaintiff and/or the putative collective has/have not suffered any damage or injury as a result of the alleged actions of Defendants or otherwise, and, accordingly, is/are not entitled to the sums and/or damages to which Plaintiff alleges entitlement in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

77.     Plaintiff's and/or the putative collective's claims are barred or otherwise fail as a matter of law, whether in whole or in part, on the grounds that Defendants have (i) fully discharged their obligations to Plaintiff and/or the putative collective, if any, and (ii) otherwise acted, at all relevant times, in accordance with all applicable laws, status, rules, and regulations.

## FIFTH AFFIRMATIVE DEFENSE

78.     Defendants have, at all relevant times, complied with all applicable provisions of the New York Labor Law (the "NYLL") and FLSA.

## SIXTH AFFIRMATIVE DEFENSE

79.     Plaintiff's and/or the putative collective's claims are barred, in whole or in part, by operation of the doctrine(s) of estoppel, waiver, release, accord and satisfaction, payment, ratification, discharge, and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

80.     Upon information and belief, any monies to which Plaintiff and/or the putative collective claims entitlement as damages for the injuries alleged to have been suffered are less than

those that have been pleaded and/or improperly calculated, and, accordingly, Defendants are either not liable to Plaintiff and/or the putative collective, or, in the alternative, Plaintiff's and/or the collective's claims must be reduced and/or Defendants are entitled to an appropriate set-off.

## EIGHTH AFFIRMATIVE DEFENSE

81.     Plaintiff and/or the putative collective is/are not entitled to recover liquidated damages because (i) Defendants acted reasonably and in good faith, had reasonable grounds for believing that their acts were not a violation of the NYLL or FLSA, and did not commit any violation(s), much less any willful violation(s), of any provisions thereof; (ii) Defendants did not authorize or ratify any willful violations with respect to Plaintiff and/or the putative collective; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## NINTH AFFIRMATIVE DEFENSE

82.     To the extent that the prosecution of the instant action would yield a double recovery for Plaintiff and/or the putative collective, the action cannot be maintained.

## TENTH AFFIRMATIVE DEFENSE

83.     Plaintiff's and/or the collective's claims is/are barred, in whole or in part, by operation of the doctrine(s) of bad faith, misrepresentation, fraud, and/or unclean hands.

## ELEVENTH AFFIRAMATIVE DEFENSE

84.     Plaintiff's and/or the putative collective's claims is/are barred, in whole or in part, because Plaintiff and/or the putative collective would be unjustly enriched if it were permitted to recover the damages alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

85.     The action is improperly venued or has been brought before an improper forum.

## THIRTEENTH AFFIRMATIVE DEFENSE

86.     Plaintiff and/or the putative collective has/have no legal right to assert or pursue the claim(s) alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

87.     Plaintiff has failed to allege any facts that would warrant the imposition of costs and/or fees, including, without limitation, attorneys' fees, against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

88.     Plaintiff's and/or the putative collective's damages, if any, were caused by the actions of third persons/parties over whom Defendants had no control or claim of control as of legal right.

## SIXTEENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's and/or the putative collective's claims is/are barred or otherwise fail as a matter of law by operation of the doctrine of failure of a condition precedent—that is, a condition precedent to Defendants' obligations to Plaintiff and/or the putative collective, if any, has not occurred, and, therefore, said obligations to Plaintiff and/or the putative collective, if any, have been excused as a result thereof, or, alternatively, have not matured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

90.     Plaintiff's and/or the putative collective's claims are barred or otherwise fail as a matter of law, whether in whole or in part, on the grounds that Plaintiff has failed to exhaust his administrative remedies pursuant to applicable laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

91.     Plaintiff's and/or the putative collective's claims are barred, either in whole or in part, on the grounds that Defendants made complete and timely payment of all wages due Plaintiff

and/or the putative collective, or reasonably believed, in good faith, that they were not required to provide Plaintiff and/or the putative collective with notice pursuant to section 195 *et seq.* of the NYLL.

### NINETEENTH AFFIRMATIVE DEFENSE

92.     Defendants owe no contractual obligations or duties, either express or implied, to Plaintiff and/or the putative collective.

### TWENTIETH AFFIRMATIVE DEFENSE

93.     The Complaint is barred, in whole or in part, and a collective action cannot be certified, on the grounds that Plaintiff cannot establish that he was, or is, similarly situated to the putative members of the collective for the purposes of 29 U.S.C. § 216(b).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

94.     The Complaint fails to state facts sufficient to certify a class or collective pursuant to Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216 *et seq.*

### TWENTY-SECOND AFFIRMATIVE DEFENSE

95.     The putative class or collective of individuals on whose behalf Plaintiff purports to have instituted the instant action is insufficiently numerous, and, accordingly, this action cannot be maintained as a class action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

96.     Plaintiff's claims do not present questions of law or fact common to the class or collective on behalf of which he purports to have instituted this action, and, accordingly, this action cannot be maintained as a class or collective action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claims are not typical of those of the members of the putative class or collective on behalf of which he purports to have instituted this action, and, accordingly, this action cannot be maintained as a class action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

98.     Plaintiff has not, and cannot, demonstrate that, as a representative party, he will fairly and adequately protect the interests of the class or collective on behalf of which he purports to have instituted this action, and, accordingly, this action cannot be maintained as a class or collective action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

99.     The damages of which Plaintiff complains in the Complaint were caused by, and/or are the fault of, third parties over whom Defendants neither have any control nor any claim of right of control.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

100.     To the extent that it were to be revealed in discovery that Plaintiff falsely reported his hours of work, or there is no evidence that Defendants authorized, suffered, or permitted the false reporting of hours, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

101.     Plaintiff has failed to adequately allege that Defendants are joint employers.

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

102.    In the event that Plaintiff's FLSA claims were to fail, the Court should decline to exercise pendent, supplemental, or any other jurisdiction over what, if any, state law claims may remain.

## **RESERVATION OF RIGHTS**

103.    Defendants hereby give notice that they intend to rely on any additional affirmative defenses that may become available or apparent during the course of the prosecution and defense of the herein action, and, accordingly, reserve the right to amend this Answer in order to assert such additional defenses.

**WHEREFORE**, Defendants demand judgment against Plaintiff (and/or the putative collective) as follows:

   i.      Dismissing the Complaint in its entirety with prejudice;

   ii.     Awarding Defendants such other and further relief as this Court deems just
           and proper under the circumstances presented.

Dated: New York, New York
       March 22, 2023

                         **GRAE & GRAE, LLC**


          By:     _____
                  Previn A. Waran, Esq.
                  The Equitable Building
                  120 Broadway, Floor 28
                  New York, New York 10271
                  Tel.: (212) 221-8763
                  E-mail: pwaran@graelaw.com
                  *Attorneys for Defendants Unapologetic*
                  *Foods, LLC, Essex Hospitality, LLC, d/b/a*
                  *Dhamaka Restaurant, MasalawalaPS, LLC,*
                  *d/b/a Masalawala Restaurant, Thomson*

21

*Hospitality LLC, d/b/a Adda Indian*
*Canteen, Tapestry Management LLC, d/b/a*
*Semma Southern Indian, Debabrata Roni*
*Mazumdar and Chintan Pandya*