UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DAVID FEYDER REUVENI on behalf of
himself and others similarly situated,

                **Plaintiff,**

          **v.**

UNAPOLOGETIC FOODS, LLC, ESSEX
HOSPITALITY, LLC d/b/a DHAMAKA
RESTAURANT, MASALAWALAPS, LLC
d/b/a MASALAWALA RESTAURANT,
THOMSON HOSPITALITY LLC d/b/a
ADDA INDIAN CANTEEN, TAPESTRY
MANAGEMENT, LLC d/b/a SEMMA
SOUTHERN INDIAN, DEBABRATA
RONI MAZUMDAR and CHINTAN
PANDYA,

                **Defendants.**
-------------------------------------------------------x

                        **CASE NO. 22 CV 10930 (JMF)**

## STIPULATION AS TO CONDITIONAL
## CERTIFICATION OF COLLECTIVE ACTION

**WHEREAS**, Plaintiff David Feyder Reuveni ("Plaintiff") commenced the above-captioned putative class and collective action by way of the filing, on December 28, 2022, of a Complaint, the first cause of action of which purports to have been brought as a collective action, pursuant to section 16(b) of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b), on behalf of all captains, servers, bartenders, runners, and bussers employed by Defendants Unapologetic Foods, LLC, Essex Hospitality, LLC, Masalawalaps, LLC, Thomson Hospitality LLC, Tapestry Management, LLC, Debabrata Roni Mazumdar, and Chintan Pandya (collectively, the "Defendants")[1] at the New York City restaurants known as Adda Indian

---

[1] Defendants and Plaintiff shall hereinafter be referred to, collectively, as the "Parties."

Canteen, Semma Southern Indian, Rahi, Dhamaka, and/or Masalawala (collectively, the "Restaurants") within three (3) years of the date of the filing of the said Complaint (the "Putative FLSA Collective"), and which alleges a failure on the part of Defendants to pay Plaintiff and the members of the Putative FLSA Collective all overtime to which they were entitled for all hours worked; and

**WHEREAS**, on February 7, 2023, Plaintiff caused to be filed, as of right, an Amended Complaint, the first and second causes of action of which purport to have been brought as a collective action, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Putative FLSA Collective, and which allege, respectively, a failure on the part of Defendants to pay Plaintiff and the members of the Putative FLSA Collective all overtime to which they were entitled for all hours worked, as well as Defendants' wrongful misappropriation of gratuities belonging to Plaintiff and the members of the Putative FLSA Collective; and

**WHEREAS**, the Parties, in the interests of judicial economy and resource conservation, have agreed to the conditional certification of a collective action, as well as the dispatch of notice of the pendency thereof, in accordance with the terms and conditions set forth herein;

**NOW THEREFORE**, the Parties, by and through their respective undersigned counsel, do **HEREBY STIPULATE AND AGREE** as follows:

(A)     The Parties stipulate and consent to the conditional certification of a FLSA collective consisting of all captains, servers, bartenders, runners, and bussers that were employed at any of the Restaurants on or after the date that is three years before the filing of the Complaint, except that the FLSA collective shall not include Tina Dolker, Jessenia Gil, or Jerry Garcia, who Plaintiff contends were improperly included in certain of the Restaurants' tip pools.

(B)    The Parties have negotiated and agreed upon forms of FLSA § 216(b) notice (the "Notices", and, each, a "Notice") to be transmitted to putative members of the FLSA Collective via USPS First Class Mail, e-mail, and text message, true and correct copies of which are annexed hereto as **Exhibits A**, **B**, and **C**, respectively. In addition, the Parties have negotiated and agreed upon the contents of the consent to join form (the "Consent", and, in the plural, the "Consents") whereby the members of the putative FLSA Collective can opt in to the collective action hereby conditionally certified, subject to the Court's approval, a true and correct copy of which is annexed hereto as **Exhibit D**.

(C)    Within ten (10) business days of the Court's endorsement of this stipulation and approval of the attached Notices and Consent, Defendants shall furnish to Plaintiff's counsel a Microsoft Excel spreadsheet containing the names, last known addresses of residence, last known telephone numbers, last known e-mail addresses, dates of employment, Restaurant(s) worked, and job titles of all members of the FLSA Collective (the "Spreadsheet").

(D)    Within ten (10) business days of Plaintiff's counsel's receipt of Defendants' Spreadsheet, Plaintiff's counsel shall cause copies of the Notice annexed hereto as **Exhibit A**, and the Consent annexed hereto as **Exhibit D**, together with stamped return envelopes addressed to Plaintiff's Counsel, to be mailed to all FLSA Collective members via USPS First Class Mail. Plaintiff, alone, shall bear any and all costs associated with the mailing of the Notice, and return of the Consent, pursuant to this paragraph (D).

(E)      Within ten (10) business days of Plaintiff's counsel's receipt of Defendants' Spreadsheet, Plaintiff's counsel shall e-mail the Notice annexed hereto as **Exhibit B**, and the Consent annexed hereto as **Exhibit D**, to all FLSA Collective members for whom Defendants have provided an e-mail address in the Spreadsheet. The body of the e-mail to which the Notice and Consent to be disseminated pursuant to this paragraph (E) shall contain the full text of Exhibit B, and Exhibit D shall be an attachment to the email. The subject of the email shall be "Notice of Pendency of Lawsuit Against Unapologetic Foods et al."

(F)      Within ten (10) business days of Plaintiff's counsel's receipt of Defendants' Spreadsheet, Plaintiff's counsel shall send, via text message, the Notice annexed hereto as **Exhibit C** to all FLSA Collective members for whom Defendants have provided a phone number in the Spreadsheet. Embedded within the Notice to be transmitted pursuant to this paragraph (F) will be a hyperlink, which, when clicked by the recipient, will direct him/her/them to the Notice annexed hereto as **Exhibit B**, and the Consent annexed hereto as **Exhibit D**.

(G)      All Notices, whether disseminated via USPS First Class Mail, e-mail, or text message, shall be dispatched by Plaintiff's counsel on the same day/date that is within ten (10) business days of the date on which Plaintiff's counsel shall have received Defendants' Spreadsheet.

(H)      Within two (2) business days of Plaintiff's counsel dispatch of the Notices and Consent pursuant to paragraphs (D), (E), (F), and (G) hereof, Plaintiff's counsel shall furnish Defendants' counsel with written confirmation of same.

(I)     Members of the FLSA Collective shall be required to submit properly completed Consents to Plaintiff's counsel within sixty (60) days of the date on which the Notices are disseminated.  Absent Court approval, no Member of the FLSA Collective shall be permitted to opt in to the FLSA portion of this law unless he or she submits a signed Consent to Plaintiff's counsel within sixty (60) days of the date on which the Notices are disseminated.

(J)     Plaintiff's counsel agrees to file any Consents timely received by them within the 60-day period following the dispatch of the Notices and Consents pursuant to paragraphs (D), (E), (F), and (G) hereof within two (2) business days of their receipt of each such Consent.

(K)     Plaintiff's counsel agrees to retain the mailing envelopes for any Consents that they receive by mail.  For any Consents that are field with the Court more than 60 days after the dissemination for the Notices, Plaintiff's counsel will provide copies of such envelopes or other proof of the timely submission of such Consents.

(L)     The parties shall discuss, in good faith, and within five (5) business days of the close of the 60-day opt-in period to which the Parties have stipulated herein, the scope of written and deposition discovery to be sought and obtained from the members of the FLSA Collective that timely and successfully opt in to the collective action hereby conditionally certified;

(M)     Other than for purposes of disseminating the Notices and Consent in accordance with paragraphs (D), (E), (F), and (G) hereof, Plaintiff's counsel agrees that they shall not use the FLSA Collective members' contact information furnished by

Defendants in the Spreadsheet to contact any FLSA Collective member until (i) he/she/they have timely and successfully opted in to the collective action hereby conditionally certified, and (ii) his/her/their Consent has been filed with the Court. Plaintiff's counsel further agrees that they shall not use the FLSA Collective members' contact information furnished by Defendants in the Spreadsheet to engage in any improper attorney solicitation in connection with the opt-in process.

(N)     Defendants reserve their right to move to decertify the conditionally certified collective action and/or to oppose the certification of the collective action up to and through the close of discovery.

Dated: New York, New York
June 9, 2023

By:  /s/ Denise A. Schulman              By:  /s/ Previn Waran
     D. Maimon Kirschenbaum                   Previn Waran
     Denise A. Schulman                       GRAE & GRAE, LLC
     JOSEPH & KIRSCHENBAUM LLP                The Equitable Building
     32 Broadway, Suite 601                   120 Broadway, Floor 28
     New York, New York 10004                 New York, New York 10271
     (212) 688-5640                           (212) 221-8763
     *Attorneys for Plaintiff and*            *Attorneys for Defendants*
     *the FLSA Collective*

**IT IS SO ORDERED**.

_____
Honorable Jesse M. Furman, U.S.D.J.