# Exhibit A

-------------------------------------------------------x
**DAVID FEYDER REUVENI on behalf of himself and others similarly situated,**

       **Plaintiff,**

       v.

**UNAPOLOGETIC FOODS, LLC, ESSEX HOSPITALITY, LLC d/b/a DHAMAKA RESTAURANT, MASALAWALAPS, LLC d/b/a MASALAWALA RESTAURANT, THOMSON HOSPITALITY LLC d/b/a ADDA INDIAN CANTEEN, TAPESTRY MANAGEMENT, LLC d/b/a SEMMA SOUTHERN INDIAN, DEBABRATA RONI MAZUMDAR and CHINTAN PANDYA,**

       **Defendants.**
-------------------------------------------------------x

**CASE NO. 22 CV 10930 (JMF)**

## NOTICE OF PENDENCY OF 29 U.S.C. § 216(b) COLLECTIVE ACTION

To:   Individuals who were employed as captains, servers, runners, bussers, or bartenders on or after [3 years before filing of action], by the following restaurants: Adda Indian Canteen, Rahi, Semma Southern Indian, Dhamaka Restaurant, and/or Masalawala (collectively hereinafter referred to as the "Restaurants")

The above-captioned lawsuit has been filed by David Feyder Reuveni ("Plaintiff") against Unapologetic Foods, LLC, Thomson Hospitality LLC, Tapestry Management, LLC, Essex Hospitality, LLC, Masalawalaps, LLC, Debabrata Roni Mazumdar, and Chintan Pandya (collectively, the "Defendants"). The purpose of this Notice is to notify you of the pendency of the aforementioned lawsuit, and of your right to participate in a portion of that lawsuit, if you so desire.

The Court has not expressed any opinions as to the merits of this lawsuit and has made no determination about who is right and who is wrong. There has been no determination that you are or are not owed any money. You have no obligation to join this lawsuit or respond to this Notice.

    1.    <u>DESCRIPTION OF THE LAWSUIT</u>

Plaintiff filed this lawsuit against Defendants on December 28, 2022, in the United States District Court for the Southern District of New York. A portion of the lawsuit alleges a violation under the Fair Labor Standards Act ("FLSA"). With respect to that portion of the lawsuit, Plaintiff alleges that Defendants failed to pay the Restaurants' captains, servers, runners, bussers, and/or bartenders one and a half times their regular rate for overtime hours worked, which are hours worked in excess of 40 per workweek, and included managers in certain Restaurants' tip pools.

Defendants deny Plaintiff's claims and maintain that they both paid the Restaurants' captains, servers, runners, bussers, or bartenders properly, and never permitted managers to share in any of the Restaurants' tip pools.

2. <u>NO OPINION EXPRESSED TO WHETHER THIS CASE HAS MERIT</u>

The Court has not made any determination as to the merits of Plaintiff's claims, or who is right and who is wrong, and is not advising you to participate in this lawsuit, or recommending that you do so. Rather, the Court authorized the dispatch of this notice solely to allow any captains, servers, runners, bussers, or bartenders employed by the Restaurants on or after [3 years before filing of action], to participate in the case if they so wish.  **Please do not write or call the Court about this notice**.

3. <u>WHO MAY JOIN THIS LAWSUIT</u>

If you received this notice and worked as a captain, server, runner, busser, or bartender at the Restaurants on or after [3 years before filing of action], you may join this lawsuit. If you wish to join the lawsuit, you must properly complete, sign, and return to Plaintiff's attorneys the enclosed written Consent form to join the lawsuit as a "party-plaintiff." This form will be filed publicly with the Court, and, upon such filing, you will be deemed to be a party to the lawsuit.

It is entirely your decision whether or not to join the lawsuit. If you do choose to become a party to this lawsuit, it is against the law for Defendants to fire, discipline, discriminate, or retaliate against you for having done so.  That said, Defendants are permitted to defend the lawsuit and conduct such investigation and inquiry as the law allows.  Please see section 5, below, for more information about what can be expected of you if you join the lawsuit.

Finally, you may participate in this lawsuit regardless of your immigration or residency status.

4. <u>THE CONSENT FORM</u>

If you want to join this lawsuit, please fill out and send the form attached to this notice, which is entitled "Consent to Join," to Plaintiff's attorneys using the enclosed envelope or by email or fax to:

Denise Schulman
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, New York 10004
(T) (212) 688-5640
(F) (212) 981-9587
denise@jk-llp.com

If you want to join the lawsuit, your consent form must be submitted no later than **[insert date 60 days after mailing]**.  If your signed Consent to Join Form is not postmarked, emailed, or faxed by [insert date 60 days after mailing], you will not be allowed to participate in the federal law portion of this lawsuit.

5. <u>EFFECT OF JOINING THIS LAWSUIT</u>

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable, in the case.  You may also share in any proceeds from a settlement or judgment favorable to the party-plaintiffs.  By joining this lawsuit, you designate Plaintiff as your representative, and, to the fullest extent possible, you designate Plaintiff to make decisions on your behalf concerning the case, the method and manner of conducting the case, and all other matters pertaining to this lawsuit.  Decisions made and agreements entered into by Plaintiff relating to the lawsuit will be binding on you if you join the lawsuit.

Please be aware that, if you choose to join this lawsuit, the parties' attorneys may request that you provide documents or information relating to your employment. For example, if you were to have records relating to your employment by the Restaurants, such as copies of paychecks, W2s, shift schedules, tip sheets, time records, or other documents or communications regarding your employment and the hours you worked for the Restaurants, **you are obligated to preserve and produce such documents** should you elect to join this case. You should also be aware that you may be asked to appear at a deposition and answer questions, under oath, about these subjects, and, potentially, to testify about such matters at any trial that may take place in this lawsuit.

6. <u>YOUR LEGAL REPRESENTATION IF YOU JOIN</u>

If you choose to join the federal portion of this lawsuit as a party-plaintiff, it is your decision as to whether you prefer to be represented by the Plaintiff's attorneys at Joseph & Kirschenbaum LLP or by an attorney of your own choosing. If you wish to join in the federal portion of the lawsuit and be represented by Plaintiff's counsel you will be bound by their attorneys' fees arrangement with Plaintiff.

The attorneys' fee arrangement for this case provides that Plaintiff's counsel are handling this matter on a contingency basis, which means that the fees and costs to which Plaintiff's attorneys are entitled will be a percentage of any settlement or judgment that may be obtained on behalf of the party-plaintiffs, and that the party-plaintiffs will not be responsible for fees and/or costs if there is no settlement or monetary judgment in their favor. The final attorneys' fees and costs in this case are subject to approval by the Court.

You may direct any questions you have about this notice to Plaintiff's lawyers, whose contact information is in section 4 of this notice.

7. <u>DEFENDANTS' LEGAL REPRESENTATION</u>

Defendants are represented in this case by the following law firm:

Grae & Grae, LLC
The Equitable Building
120 Broadway, Floor 28
New York, New York 10271
www.graelaw.com

If you choose to join this lawsuit, please <u>do not contact Defendants' attorneys.</u>

8. <u>NO LEGAL EFFECT IN NOT JOINING THIS SUIT</u>

If you choose to not join this lawsuit, you will not be affected by any settlement or judgment regarding the FLSA claims in this case, whether favorable or unfavorable. If you do not join this lawsuit, you do not lose any rights to pursue any claims against the Defendants.

Dated: _____