# Joseph & Kirschenbaum LLP
## Attorneys At Law

September 28, 2023

**VIA ECF**

Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: Reuveni v. Unapologetic Foods, LLC
       No. 22 CV 10930 (JMF)

Dear Judge Furman:

  We represent the Plaintiff in the above-referenced action. I write pursuant to the Court's Individual Practices to request an informal conference to address outstanding discovery disputes.

  This is a wage and hour collective and putative class actions on behalf of service employees of six restaurants – Dhamaka, Masalawala & Sons, Adda Indian Canteen, Semma Southern Indian, Rahi, and The Masalawala – with common owners. Plaintiff alleges that the Corporate Defendants are a single integrated employer and asserts that: (1) Defendants violated the overtime requirements of the FLSA and New York law; (2) Defendants violated the minimum wage requirements of the NYLL by improperly paying putative class members pursuant to a tip credit; (3) Defendants violated the FLSA and New York law by including managerial employees in their tip pools; and (4) Defendants did not provide wage notices and wage statements that complied with N.Y. Lab. L. § 195. The liability period for these claims is December 28, 2016 to the present. The parties stipulated to the issuance of notice to potential opt in plaintiffs, and 10 people have timely submitted consent to sue forms.

  Plaintiff served discovery requests on May 18, 2023 and supplemental requests on The Masalawala LLC on June 26, 2023. All Defendants served interrogatory responses and objections on July 12, 2023 in which they did not provide any substantive responses.[1] On July 31, 2023, Defendants served written discovery responses and began producing documents. Defendants have since produced six additional batches of documents. The parties met and conferred by phone about deficiencies in Defendants' discovery responses and production on July 21 and September 5, 2023. Following additional back and forth via email, the disputes listed below remain unresolved.[2]

  **Sample paystubs from Thompson Hospitality LLC ("Thompson") and Tapestry Management, LLC ("Tapestry"):** Plaintiff requested classwide production of pay records from the liability period. (RFP Nos. 15, 16.) Thompson produced pay records from on or after January 1, 2020, and Tapestry produced pay records from on or after September 16, 2019. Those Defendants both operated restaurants in issue in this lawsuit prior to those times. During the

---

[1] Plaintiff served one set of interrogatories directed to all Defendants and separate but identical interrogatories on each Corporate Defendant, each of which responded with the same objections. Defendants' collective response and, as an exemplar, one Defendant's responses to the individualized interrogatories, are attached hereto as Exhibit 1.
[2] Defendants' response to the May 18, 2023 requests for production is attached hereto as Exhibit 2.

JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS AT LAW

September 5 meet and confer, Defendants' position was that this partial production was sufficient. As a compromise, Plaintiff asked Defendants to produce one month of paystubs (with the month to be chosen by Plaintiff) for each year in the liability period in which they operated restaurants but had not produced pay records.  This sampling would enable Plaintiff to determine (1) the regular and overtime rate(s) at which putative class members were paid and (2) the format and content of the paystubs that Thompson and Tapestry issued in the sample years.  That information is relevant to determining whether commonality is satisfied with respect to the minimum wage, overtime, and wage statement claims through the entirety of the liability period.  Defendants did not agree to this sampling and instead stated that they would produce putative class members' W2s.  However, the W2s do not provide information about pay rates or wage statement content.  Thus, Plaintiff respectfully requests that Defendants be ordered to produce the sample paystubs.

**Redactions of putative class members' names:** Defendants have redacted names from their production of putative class members' pay and time records.  During the September 5 meet and confer, Defendants agreed to either reproduce the previously produced records with unique numeric identifiers instead of names or provide a legend to the already produced documents with unique identifiers.  Plaintiff needs the identities – whether names or unique identifiers – of each set of pay records in order to determine (1) who worked at more than one restaurant and (2) when putative class members worked more than 40 hours across multiple restaurants in a week and were not paid an overtime premium.  Since the meet and confer, Defendants have continued to produce redacted records without unique identifiers.  On September 22, 2023 Defendants stated that it was too burdensome to provide unique identifiers, and instead they would, in their amended interrogatory responses, identify the putative class members who worked at more than one restaurant.  While this is part of the information Plaintiff seeks, it would not allow Plaintiff to determine when putative class members worked overtime across multiple restaurants.  Accordingly, Plaintiff respectfully requests that the Court order Defendants to either adhere to their initial agreement regarding unique identifiers (with the identifiers being consistent across Defendants, *i.e.*, if John Doe was on the payroll for two Defendants, his identifier would be the same for both Defendants) or produce unredacted pay records.  Plaintiff will agree to appropriate confidentiality restrictions on the unredacted records, and to the extent a Defendant has produced multiple types of pay records for the same person in the same pay period (*e.g.*, if Tapestry produced both a paystub and an earnings record for John Doe for the pay period ending August 21, 2022), only one type of record need be produced in unredacted form or with unique identifiers.

**Tip sheets:** Plaintiff requested production of Defendants' tip sheets, which show which employees participated in the restaurants' tip pools.  (RFP No. 24.)  To date, Defendants have neither produced nor agreed to produce tip sheets.  These documents are relevant to Plaintiff's claims that Defendants unlawfully included people with managerial authority in the tip pool.  *See* 29 U.S.C. § 203(m)(2)(B); N.Y. Lab. L. § 196-d; *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 473 (2013).  Production of the tip sheets is critical for Plaintiff to determine the scope of the tip misappropriation claims, *i.e.*, the locations and time periods in which a tip-ineligible person was included in a tip pool, as he may not have knowledge of every person who was improperly included in the tip pools.  Thus, Plaintiff respectfully requests that Defendants be ordered to produce all tip sheets from the liability period.  Because Plaintiff needs to know the identities of the people in the tip pools, the tip sheets should not be redacted.

# Joseph & Kirschenbaum LLP
## Attorneys At Law

**Deadline for production of outstanding discovery:** During the meet and confer process, Defendants agreed to produce several categories of documents. However, much of the discovery Defendants agreed to produce remains outstanding, as described below:

- **Classwide wage notices, redacted corporate tax returns, amended interrogatory responses, documents concerning the Individual Defendants' responsibilities, documents concerning what Defendants did to determine whether their compensation policies were lawful, and documents Defendants relied upon in determining the legality of their compensation practices**: None of these have been produced.
- **Classwide time records**: Defendants have produced classwide time records for Semma from February 2022 to January 2023 and time records from Semma for one Opt-In Plaintiff from November 2021 to April 2022. All other time records are outstanding.
- **Classwide pay records**: Defendants agreed to produce but have not yet produced classwide wage statements from the liability period from The Masalawala LLC[3] and classwide wage statements from on or after September 16, 2019 from Tapestry.
- **Personnel files for the Named and Opt-In Plaintiffs and the three individuals identified in the complaint as being improperly included in the tip pools**: Defendants have produced some personnel file documents for four Opt-In Plaintiffs. All other responsive documents are outstanding.
- **Tip pool policies**: Defendants have not produced responsive documents for Rahi or The Masalawala.
- **Documents reflecting the restaurants' hours of operations**: Defendants have not produced responsive documents for Rahi or The Masalawala.
- **Job descriptions for all positions in the restaurants' tip pools and the three individuals identified in the complaint as being improperly included in the tip pools**: Defendants have produced job descriptions for the lead server, operations manager, server assistant, server, and bartender positions. The job descriptions do not indicate which restaurant they are for. As such, it is unclear whether Defendants have produced all responsive documents.
- **Employee handbooks**: Defendants have not produced responsive documents for The Masalawala LLC.
- **Corporate formation documents**: Defendants have produced New York Department of State receipts of the filing of articles of incorporation for Tapestry and Essex Hospitality LLC and MasalawalaPS LLC's articles of organization. All other responsive documents are outstanding.

Plaintiff has repeatedly asked Defendants to confirm the date by which they will complete production, but Defendants have not done so. As the discovery deadline is November 16, 2023, and Plaintiff cannot commence depositions while substantial discovery remains outstanding, we respectfully request that the Court order Defendants to produce all outstanding discovery by October 13, 2023.

We thank the Court for its attention to this matter.

---

[3] If The Masalawala LLC does not have paystubs it may produce a different type of pay record.

JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS AT LAW

                                                                  Respectfully submitted,

                                                                  /s/ Denise A. Schulman
                                                                  Denise A. Schulman

cc: All counsel (via ECF)

32 Broadway • Suite 601 • New York, New York 10004
Phone 212-688-5640 • Fax: 212-688-2548