# GRAE & GRAE LLC

The Law Firm                                                                                     www.graelaw.com

**Previn A. Waran**
**Partner**
The Equitable Building
120 Broadway
28th Floor
New York, NY 10271
Tele: (212) 221-8763
pwaran@graelaw.com

October 3, 2023

**VIA CM/ECF**
The Honorable Jesse M. Furman, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:     <u>Reuveni v. Unapologetic Foods, LLC et al.</u> – Civil Action No. 1:22-cv-10930-JMF

Dear Judge Furman:

Our offices are counsel to Defendants Unapologetic Foods, LLC ("Unapologetic"), Essex Hospitality, LLC d/b/a Dhamaka Restaurant, MasalawalaPS, LLC d/b/a Masalawala Restaurant, Thomson Hospitality, LLC d/b/a Adda Indian Canteen, Tapestry Management, LLC d/b/a Semma Southern Indian, The Masalawala LLC, Debabrata Roni Mazumdar, and Chintan Pandya collectively, the "Defendants") in connection with the above-referenced action.  We write, in accordance with Rule 3.E. of Your Honor's Individual Rules and Practices in Civil Cases, in response to Plaintiff's letter motion for an informal conference to discuss purportedly outstanding discovery-related disputes (the "Letter Motion").

In the intervening period from the filing of Plaintiff's Letter Motion on September 28, 2023, Defendants have produced to Plaintiff an additional 4,505 pages of responsive and purportedly "outstanding" documents, thereby rendering moot many of the disputes to which reference was made in Plaintiff's application.  Accordingly, Defendants would respectfully request that the Court defer, for the time being, its consideration of the Letter Motion pending Plaintiff's review of the recently produced documents, and, to the extent still necessary thereafter, submission of a further letter request for the convening of a Local Rule 37.2 informal conference with respect to any then-lingering discovery disputes.  Defendants would note, in that regard, that their production of responsive documents remains ongoing, and that they anticipate producing, at the minimum, and by no later than the close of business tomorrow, October 4, 2023, an additional 264 pages of New York Labor Law § 195(1) wage notices and employee-executed tip policy acknowledgments, as well as the amended written responses to Plaintiff's interrogatories that the undersigned had assured his counterpart would be forthcoming.  Defendants remain confident that

any remaining discovery disputes can be amicably resolved via the meet-and-confer process, and without the need for burdening the Court with requests for its intervention.

    We thank the Court in advance for its time and attention to these matters.

                          Respectfully submitted,

                          Previn A. Waran, Esq.
                          (PW 2501)

cc:    *All Counsel of Record (Via ECF).*

In light of Defendants' response, the Court assumes (and hopes) that Plaintiff's letter motion may be moot. Accordingly, the letter motion is DENIED without prejudice to renewal in the event that Plaintiff concludes, after reviewing Defendants' productions, that Defendants have not cured the discovery deficiencies set forth in the letter motion. Before filing any such motion (indeed, any discovery-related motion at all, for that matter), the parties must confer in good faith in an effort to resolve the issue without the need for Court intervention. Given Defendants' response, it is quite clear that the parties could have resolved, or at least narrowed, their disputes without the Court's involvement.

The Clerk of Court is directed to terminate ECF No. 58.

                          SO ORDERED.

                          October 4, 2023