# GRAE & GRAE LLC

The Law Firm                                                                                                                www.graelaw.com

October 23, 2023

**VIA CM/ECF**
Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

**Re**:     **Reuveni v. Unapologetic Foods, LLC et al**. – 1:22-cv-10930-JMF

Dear Judge Furman:

    Our offices are counsel to Unapologetic Foods, LLC, Thomson Hospitality LLC d/b/a Adda Indian Canteen, Tapestry Management, LLC d/b/a Semma Southern Indian, The Masalawala LLC (collectively, the Non-Employer Defendants"), Essex Hospitality, LLC d/b/a Dhamaka Restaurant ("Essex"), MasalawalaPS, LLC d/b/a Masalawala Restaurant ("MasalawalaPS"), Debabrata Roni Mazumdar ("Mr. Mazumdar"), and Chintan Pandya ("Mr. Pandya", and, together with Mr. Mazumdar, the "Individual Defendants"; and the Individual Defendants, together with the Non-Employer Defendants, Essex, and MasalawalaPS, the "Defendants") in connection with this matter. We write, pursuant to Rule 3(E) of Your Honor's Individual Rules and Practices in Civil Cases, in response to the thoroughly revisionist history spun by Plaintiff's counsel, Denise A. Schulman, Esq. ("Attorney Schulman"), in her October 19, 2023, letter motion.

    As an initial matter, and contrary to Attorney Schulman's mischaracterization of her exchange with the undersigned on October 19, 2023, no such "abrupt[] cancel[ation]" of the next day's scheduled meet-and-confer ever occurred. What *actually* transpired, was that the undersigned, in light of his grant, in good faith, and with no questions asked, of Attorney Schulman's request for an adjournment, to and through November 3, 2023, of the deadline by which the opt-in plaintiffs' written responses and productions of documents responsive to Defendants' discovery requests were to be served, simply requested, for purposes of efficiency and the avoidance of piecemeal discussion of related matters, that the parties' table their meet-and-confer until on or after November 3, 2023, date by which Attorney Schulman had represented that the opt-in plaintiffs' discovery would be provided. Unsurprisingly, and despite the undersigned's good faith gesture moments prior, Attorney Schulman responded by rejecting the undersigned's request, insisting instead that the parties proceed with the meet-and-confer process in piecemeal fashion. The undersigned responded in kind, again endeavoring to counsel reasonableness, insofar as all that was being suggested, per her assurances as to the opt-in plaintiffs' furnishing of their discovery responses on November 3, 2023, was the tabling of the meet-and-confer by a mere fourteen (14) days. The next that the undersigned heard from Attorney Schulman was by way of the letter motion under discussion. While the filing of that application should have come as no surprise, given the regularity of Attorney Shulman's threats of motion practice whenever her demands have been met with anything less than immediate and

unquestioning acquiescence, for the reasons set forth below, the undersigned was stunned to learn of the motion, to say nothing of its sensationalized contents.[1]

First, what Attorney Schulman tactically fails to mention in her letter motion, is that, to date, Defendants have produced over 10,000 pages of documents responsive to what were otherwise objectionably (and objectively) voluminous and burdensome discovery requests.[2] More importantly, however, and far from the proverbial "document dump," the documents produced were directly, and substantively, responsive to Attorney Schulman's requests, and included, without limitation, the following:

> New York Labor Law ("NYLL") § 195(3) wage statements ("Paystubs") for all servers, runners, bussers, captains, and bartenders (the "Relevant Employees") ever employed by the two (2) restaurants at which Plaintiff *actually* worked, Dhamaka Restaurant ("Dhamaka") and Masalawala & Sons,[3] throughout the entirety of those establishments' operation as going concerns;
> Comprehensive Employee Earnings Records for Plaintiff for all time periods during which he was employed by Dhamaka and Masalawala & Sons;
> Comprehensive Paystubs for Plaintiff and Opt-In Plaintiffs Isaac Estevez, Aawa Ebret, Alaska Stewart, Artemio Lopez, Jaime Figueroa, Jonathan Castro, and Kumar Ganapathy;
> Comprehensive Paystubs for all Relevant Employees of Tapestry from 2020–2023;
> Comprehensive Payroll Details for all Relevant Employees of Tapestry from 2016–2019;
> Paystubs for 17 Relevant Employees of Adda from 2021-2023;
> "Job Descriptions" for all positions held by the Relevant Employees, and for the positions of "Operations Manager," "Server Assistant," and "Lead Server";
> Articles of Organization for Essex and MasalawalaPS;
> Employee Handbooks for Essex, MasalawalaPS, Tapestry, and Thomson;
> Scheduling Policies for Dhamaka, Masalawala & Sons, Rahi, and Adda Indian Canteen ("Adda");

---

[1] Contrary to Attorney Schulman's allegation as to the amount of time that Defendants would require to review Plaintiff's rather anemic, 133-page document production—71 pages of which consisted of job postings that Attorney Schulman, herself, appears to have downloaded from the Internet—the undersigned had already completed his review of same by the time that Attorney Schulman requested his consent to an extension of time to furnish opt-in discovery on October 19, 2023, and, as such, was already well aware of the deficiencies from which same suffered. Indeed, all of the said job descriptions, some of which appear to have been downloaded as recently as one week ago, post-dated Plaintiff's employment, and, accordingly, were of little, if any, probative value with respect to Defendants' wage and hour practices, or the existence of the single integrated enterprise that the SAC struggles to plead. *See e.g. Weiss v. Starr Rest. Org.*, No. 20-cv-8090 (JMF), 2021 U.S. Dist. LEXIS 135991, at **21-22 (S.D.N.Y. Jul. 21, 2021) (observing that job postings that postdated plaintiff's employment insufficient to demonstrate single integrated enterprise) (citing *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020)). It was precisely for this reason, together with a desire to handle the ongoing discovery disputes as efficiently as possible, that the undersigned suggested tabling the meet-and-confer so as to permit the parties to have an omnibus discussion with respect to any and all discovery-related deficiencies.

[2] Indeed, in flagrant disregard of Your Honor's directives at the conclusion of the initial pretrial conference held on May 19, 2023, that Plaintiff, despite having been granted leave to seek discovery on a class-wide basis, carefully tailor, in good faith, his requests so as to seek information and documents to which he is entitled at the pre-certification stage, Attorney Schulman has propounded, *inter alia*, no fewer than seven (7) sets of interrogatories, as well as nearly eighty (80) request for the production of documents, many of which were patently objectionable on a myriad of grounds, including, without limitation, as having far exceeded the scope of permissible discovery at the pre-certification stage.

[3] Dhamaka and Masalawala & Sons are alleged to have been operated by Essex and MasalawalaPS, respectively.

> Tip Policies for Dhamaka, Masalawala & Sons, Semma Southern Indian ("Semma"), and Adda;
> Forms W-2 for Plaintiff and Opt-In Plaintiffs Aawa Ebret, Alaska Stewart, Isaac Estevez, Jacqueline Gil, Jaime Figueroa, Jonathan Castro, Kumar Ganapathy, Lupe Avila, and Sydney Williams;
> Forms W-2 for all Relevant Employees of Tapestry from 2016-2019;
> Documents concerning Relevant Employees' performance of so-called "side work";
> Various NYLL § 195(1) wage notices across multiple restaurants;
> Documents evidencing hours of operation of Adda, Dhamaka, Masalawala & Sons, and Semma; and
> Comprehensive Toast (Clock-In/Clock-Out) Records for Dhamaka (October 2021–September 2023); Masalawala & Sons (October 2021–September 2023); and Semma (October 2021–May 2022; January 2023–September 2023).

Based on the foregoing, that Defendants have meaningfully, and in good faith, participated in the ongoing discovery in this matter is beyond cavil. That this is true, is only further confirmed by the fact that the records produced for the two (2) restaurants at which Plaintiff *actually* claims to have worked, Dhamaka and Masalawala & Sons, and which were only opened in 2021 and 2022, respectively, are *comprehensive of the time periods during which they have operated as going concerns*. Moreover, and for the reasons set forth in the Non-Employer Defendants' and Individual Defendants' motion, pursuant to FED. R. CIV. P. 12(c), for judgment on the pleadings (the "Motion"), Plaintiff is not entitled to countless of the records that Defendants have already produced to him, all of which must be returned, or their destruction confirmed by Plaintiff and his counsel, in the event that the Court were to grant the Motion.

Finally, the remaining "deficiencies" of which Attorney Schulman complains in the letter motion relate to documents (1) to which Plaintiff has no entitlement at the pre-certification stage; (2); to which Plaintiff has no entitlement for the reasons set forth in the pending Motion; (3) go to the merits of Plaintiff's claims, including, without limitation, the vaguely alleged single integrated enterprise theory by which he seeks to hold entities by which he was admittedly never employed liable for the alleged wage and hour violations of those for which he *actually* worked; and/or (4) that do not otherwise exist.

The undersigned remains, and has always remained, committed to the good faith, amicable resolution of discovery-related disputes, both generally, and in connection this matter, which has been made unnecessarily contentious by Plaintiff's scorched earth tactics. To that end, and unless directed otherwise by the Court following its review of the herein correspondence within the next few hours, the undersigned shall duly meet-and-confer with his counterparts before the close of business, today, and in accordance with Your Honor's directives on October 19, 2023.

We thank the Court for its time, and the opportunity to set the record straight with respect to the parties' ongoing discovery-related disputes.

        Respectfully submitted,

        *[signature]*

        Previn A. Waran, Esq. (PW 2501)

4