# Joseph & Kirschenbaum LLP
## Attorneys At Law

October 30, 2023

**VIA ECF**

Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: Reuveni v. Unapologetic Foods, LLC
       No. 22 CV 10930 (JMF)

Dear Judge Furman:

  We represent the Plaintiff in the above-referenced action. I write pursuant to the Court's Individual Practices to request an informal conference to address outstanding discovery disputes concerning Plaintiff's requests served on May 18 and June 26, 2023. This is a wage and hour collective and putative class actions on behalf of service employees of six restaurants – Dhamaka (operated by Defendant Essex Hospitality, LLC); Masalawala & Sons (operated by Defendant MasalawalaPS, LLC); Adda Indian Canteen (operated by Thomson Hospitality LLC); Semma Southern Indian and Rahi (operated by Tapestry Management, LLC); and The Masalawala (operated by The Masalawala LLC) – with common owners. The parties met and conferred by phone about outstanding discovery issues on October 23, 2023 and subsequently by email. Plaintiff now seeks the relief set forth below. Plaintiff respectfully refers the Court to his September 28, 2023 letter ("September letter," Dkt. No. 58) for additional background.

  **Discovery relating to the Moving Corporate Defendants (Thomson, Tapestry, The Masalawala, and Unapologetic Foods, LLC):** During the parties' September 5, 2023 meet and confer, Defendants agreed to produce various categories of discovery from all of the Defendants in this action, including the Moving Corporate Defendants. Defendants subsequently produced certain policy documents and pay records from Essex, MalasalwalaPS, Tapestry, and Thomson, and time records, wage notices, and documents relating to Opt-In Plaintiffs from Essex, MasalawalaPS, and Tapestry. In Defendants' October 3, 2023 letter to the Court they gave no indication that their position had changed. On the contrary, Defendants stated that they believed any remaining disputes could be resolved between the parties and that they would be producing amended interrogatory responses the next day.[1] However, on October 22, 2023, just three days after Defendants abruptly canceled a meet and confer, they filed a motion for judgment on the pleadings to dismiss, *inter alia*, claims against the Moving Corporate Defendants, and on October 23, 2023 Defendants' counsel stated that the Moving Corporate Defendants would not produce any further discovery, including documents relating to the Opt-In Plaintiffs. The discovery that the Moving Corporate Defendants previously agreed to produce but remains outstanding is:

- **All Moving Corporate Defendants:** Amended interrogatory responses; redacted tax returns; entity formation documents; job descriptions for positions in the tip pools to the

---

[1] Defendants did not produce any amended interrogatory responses on October 4.

# Joseph & Kirschenbaum LLP
## Attorneys At Law

extent not already produced;[2] putative class members' wage notices;[3] documents reflecting what the Individual Defendants duties and responsibilities are; documents reflecting what these Defendants did or relied upon to determine the legality of their compensation policies.

- **Tapestry:** Paystubs for Opt-In Plaintiffs Avila, Gil, and Abercrombie; personnel files for Opt-In Plaintiffs Castro, Ebret, Figueroa, and Avila; any outstanding portions of the personnel files for Opt-In Plaintiffs Estevez, Gil, and Lopez; tip pool policy from Rahi;[4] pay records and personnel files for two individuals alleged in Plaintiff's SAC to be managers included in the tip pool; putative class members' time records prior to February 2022; documents reflecting Rahi's hours of operation.
- **Thomson:** Putative class members' time records.
- **The Masalawala:** Putative class members' paystubs, or other pay records if paystubs are unavailable; putative class members' time records; tip pool policy; employee handbook.[5]

Defendants' position is untenable. As an initial matter, Plaintiff notes that although the Moving Corporate Defendants now refuse to produce any further documents, Defendants have not withdrawn their discovery requests on the Opt-In Plaintiffs who worked exclusively at Rahi and Semma. In any event, a defendant may not evade its discovery obligations by arguing that a plaintiff's claims are not meritorious. The Moving Corporate Defendants are currently Defendants in this action, and as such they must participate in discovery unless and until they are dismissed from the action. Moreover, the timing of the Rule 12(c) motion – which was made after Defendants (1) answered the First Amended Complaint; (2) consented to the issuance of FLSA notice to employees of Dhamaka, Masalawala II, Rahi, Semma, and Adda; (3) consented to the filing of the Second Amended Complaint, which added The Masalawala as a Defendant; (4) answered the Second Amended Complaint; and (5) participated in discovery as to all Defendants – strongly suggests that the purpose of the motion was to halt discovery. Accordingly, the pending motion does not justify the Moving Corporate Defendants' refusal to participate in discovery.

In addition to the discovery the Moving Corporate Defendants previously agreed to produce, for the reasons set forth in Plaintiff's September letter Thomson and Tapestry should produce one month of putative class members' paystubs for each year from 2016 to 2019.

**Tip sheets:** As described in the September letter, there are tip misappropriation claims in this action. Accordingly, Plaintiff has requested production of the restaurants' tip sheets, which show who received tips and how much they received. To date, no Defendants have produced any tip sheets. On October 23, Defendants' counsel stated that they would inform Plaintiff by October 27 whether they would produce tip sheets from Dhamaka and Masalawala II. On October 27,

---

[2] The job descriptions that have been produced do not identify the restaurant or business entity to which they apply.
[3] Defendants have produced some wage notices issued by Tapestry. However, it is not clear whether these are *all* of the wage notices that Defendants contend Tapestry provided to putative class members. None of the other Moving Corporate Defendants have produced any wage notices.
[4] During the parties' October 23, 2023 meet and confer, Plaintiff's counsel asked Defendants' counsel whether a tip pool policy for Rahi exists. Defendants' counsel refused to answer the question.
[5] During the parties' October 23, 2023 meet and confer, Plaintiff's counsel asked Defendants' counsel whether a tip pool policy or employee handbook for The Masalawala exists. Defendants' counsel refused to answer the question.

# Joseph & Kirschenbaum LLP
## Attorneys At Law

Defendants' counsel stated that he would be unable to respond that day due to a family emergency. To date, Defendants have not yet stated their final position on this issue. However, whether or not Defendants agree to do so, they should be ordered to produce tip sheets, which are plainly relevant to the claims in this case.

**Tina Dolker's personnel file and pay records:** Plaintiff alleges that Tina Dolker was a manager at Dhamaka who was improperly included in the tip pool. Her personnel file and pay records are relevant to this claim, and during the September 2023 meet and confer Defendants agreed to produce those documents. However, during the October 23 meet and confer, Defendants would no longer commit to producing these documents and stated that they would provide their position on the issue by October 27. For the same reason described above, Plaintiff does not know Defendants' final position on these documents. However, Defendants should be compelled to produce them.

**Redactions of putative class members' names:** In the September letter, Plaintiff asked that Defendants produce unredacted pay records for putative class members. While Defendants have not done so, they have not redacted putative class members' names from the time records they have produced. At this pre-certification stage of the litigation, that is sufficient for Plaintiff's purposes. As such, Plaintiff respectfully requests that Defendants be ordered not to redact putative class members' names from future productions of time records, and that redacted time records that were previously produced be reproduced in unredacted form.

**Discovery that Defendants have agreed to produce by November 3, 2023:** During the Parties' most recent meet and confer, Defendants agreed to produce the following by November 3, 2023, and Plaintiff respectfully requests that the Court so order them to do so:

- **Essex and MasalawalaPS:** Amended tax returns; amended interrogatory responses; any outstanding putative class member time records, specifically, pre-October 2021 for Essex and pre-October 2022 for MasalawalaPS; any outstanding job descriptions for positions/individuals in the tip pool; all putative class members' wage notices that have not yet been produced; all outstanding personnel files/portions of personnel files for the Plaintiffs who worked at Dhamaka or Masalawala & Sons (specifically, Plaintiffs Reuveni, Estevez, Abercrombie, Ganapathy, and Stewart); documents reflecting what the Individual Defendants' duties and responsibilities are; and documents reflecting what these Defendants did or relied upon in determining the legality of their compensation policies.
- **Essex:** Entity formation documents.
- **MasalawalaPS:** Opt-In Plaintiff Abercrombie's paystubs.

Finally, Plaintiff has been unable to commence taking depositions due to the extensive outstanding discovery described herein. Accordingly, we respectfully request that the class certification discovery deadline, which is currently November 16, 2023, be extended to 45 days after Defendants' production of all outstanding discovery, and that all other scheduling deadlines be adjusted accordingly. We thank the Court for its attention to this matter.

# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

                                                                   Respectfully submitted,

                                                                   /s/ Denise A. Schulman
                                                                   Denise A. Schulman

cc: All counsel (via ECF)

32 Broadway • Suite 601 • New York, New York 10004
Phone 212-688-5640 • Fax: 212-688-2548