# GRAE & GRAE LLC

The Law Firm

www.graelaw.com
**Previn A. Waran**
**Partner**
The Equitable Building
120 Broadway
28th Floor
New York, NY 10271
Tele: (212) 221-8763
pwaran@graelaw.com

December 8, 2023

**VIA CM/ECF**
Hon. Jesse M. Furman, U.S.D.J.
United States District Court
40 Centre Street, Room 2202
New York, New York 10007

Re:   **Reuveni v. Unapologetic Foods, LLC et al**. – **1:22-cv-10930-JMF**

Dear Judge Furman:

Our offices are counsel to Defendants in connection with the above-referenced matter. We write in accordance with Rules 2.A. and E. of Your Honor's Individual Rules and Practices in Civil Cases, in order to respectfully request an extension, by forty-five days, or to and through **March 4, 2024**, of the current January 18, 2024, deadline by which the Court has directed that all fact discovery in this matter shall have been completed, and, in turn, an adjustment of the current briefing schedules for Plaintiffs' anticipated FED. R. CIV. P. 23 motion for class certification, and any motions for summary judgment that the parties may elect to file, pursuant to FED. R. CIV. P. 56. Plaintiffs consent to the requested extensions.

As and for good cause for the relief requested herein, between the volume of depositions to be taken in connection with this matter, the undersigned's existing commitments in connection with other matters for which he is also responsible, and various witnesses' extended absences from the jurisdiction as a result of the impending end-of-year holidays, there is simply not enough time to conclude all necessary fact discovery such that Plaintiffs can prepare and timely file their FED. R. CIV. P. 23 motion by the current January 18, 2024, deadline by which the Court, in its Order, dated November 6, 2023, directed them to do so (and directed that fact discovery shall close). As for Defendants, Debabrata Roni Mazumdar ("Mr. Mazumdar"), whom Plaintiffs have named, individually, as a defendant in this action, will be out of the country on personal leave from December 15, 2023, through January 3, 2024. In addition, on December 8, 11, 14, 15, 21, and 22, 2024, Defendants' undersigned counsel is presently scheduled to take or defend the depositions of six (6) witnesses in connection with various other collective and/or class actions that are presently pending before the state and federal courts of the State of New York. In addition, the undersigned is presently scheduled to appear, in person, before the Supreme Court of the State of New York, County of Richmond, on December 12, 2023, for an evidentiary hearing that is likely to last the entire day, has a mediation scheduled in another of his matters for December 20, 2023, and will also be out of the country from January 3, 2024, through January 15, 2024. Moreover, and so as to ensure the continued

and timely advancement of this matter pending approval of this extension request, the parties have already agreed to conduct the deposition of Ashish Banerjea, the FED. R. CIV. P. 30(b)(6) witness for Defendants Unapologetic Foods, LLC and Thomson Hospitality LLC d/b/a Adda Indian Canteen, on December 19, 2023, the deposition of the individual defendant Chintan Pandya, on December 28, 2023, the deposition of Mr. Mazumdar, both individually, and in his capacity as the FED. R. CIV. P. 30(b)(6) witness for Defendants The Masalawala LLC, Masalawala & Sons, LLC, and Essex Hospitality, LLC, on January 18, 2023, and the deposition of Kandi Haro, the FED. R. CIV. P. 30(b)(6) witness for Defendant Tapestry Management LLC, on January 24, 2024.

As for Plaintiffs, the parties anticipate commencing Plaintiffs' depositions in January 2024 and are in the process of confirming specific dates already proposed by Defendants' undersigned counsel. It bears noting, in this regard, that, in consideration of Defendants' agreement, earlier in the action, to stipulate to the conditional certification of a Fair Labor Standards Act § 216(b) collective action, Plaintiffs' counsel agreed that they would not move for class certification until after opt-in discovery has been completed. *See* ECF No. 28 at n.1. Still further, Plaintiffs continue to produce documents responsive to Defendants' requests therefor, having supplemented their prior productions as recently as December 5, 2023, all of which, must, of course, be meaningfully reviewed in advance of Plaintiffs' depositions.

To the extent that the Court were to be inclined to grant the extension requested, an adjustment of the current schedule set by the Court, in its Order of November 6, 2023, would be required. Specifically, and consistent with what the parties understand to have been the Court's intent at the back of the November 6, 2023, Order, the parties proposed the following adjustments to the said schedule:

| **Filing** | **Original Deadline** | **New Deadline** |
|---|---|---|
| Motion for Class Certification | January 18, 2024 | February 23, 2024[1] |
| Opposition to Motion for Class Certification | February 20, 2024 | March 27, 2024 |
| Reply in Further Support of Motion for Class Certification | March 5, 2024 | April 10, 2024 |
| Defendants' Motion for Summary Judgment | February 20, 2024 | April 5, 2024 |
| Opposition to Defendants' Motion for Summary Judgment | March 19, 2024 | May 3, 2024 |

---

[1] As the January 18, 2024, class certification motion deadline was set by the Court so as to be thirty (30) days after the completion of Defendants' depositions, the proposed deadline of February 23, 2024, is thirty (30) days after the last scheduled deposition of Defendants.

| Reply in Further Support of Defendants' Motion for Summary Judgment | April 2, 2024 | May 17, 2024 |

  This is the first request for the relief sought herein.  We thank the Court for its time and consideration with respect to the foregoing matters.

        Respectfully submitted,

        */s/ Previn A. Waran*
        Previn A. Waran, Esq.

cc: All Counsel of Record (Via CM/ECF)

   Under the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A finding of good cause depends on the diligence of the moving party."  *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).  It is questionable that the parties establish good cause at all; they certainly do not establish good cause for the length of extensions requested.  The Court made clear at the November 6, 2023, conference that parties were to be diligent in adhering to discovery deadlines, particularly given the rash of disputes that had already arisen.  In light of the holidays, as a courtesy, the Court grants a one-time extension of **two weeks** for **all existing deadlines**, including the fact discovery deadline and the briefing schedules discussed herein.  No further extensions will be granted.  Additionally, the pretrial conference scheduled for January 23, 2024, is hereby ADJOURNED to February 13, 2024.  The Clerk of Court is directed to terminate ECF No. 79.

        SO ORDERED.

        */s/ Jesse M. Furman*

        December 11, 2023