UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DAVID FEYDER REUVENI on behalf of
himself and others similarly situated,

         Plaintiff,

    v.

UNAPOLOGETIC FOODS, LLC, ESSEX
HOSPITALITY, LLC, d/b/a DHAMAKA
RESTAURANT, MASALAWALAPS, LLC,
d/b/a MASALAWALA RESTAURANT,
THOMSON HOSPITALITY LLC d/b/a
ADDA INDIAN CANTEEN, TAPESTRY
MANAGEMENT, LLC d/b/a SEMMA
SOUTHER INDIAN, THE
MASALAWALA LLC, DEBABRATA
RONI MAZUMDAR and CHINTAN
PANDYA,

         Defendants.
------------------------------------------------------x

CASE NO. 22 CV 10930 (JMF)

## DECLARATION OF DENISE A. SCHULMAN

I, Denise A. Schulman, under penalty of perjury, affirm as follows:

1. I am a partner with Joseph & Kirschenbaum LLP ("JK"), Plaintiffs' counsel in this action. I submit this declaration in support of Plaintiff's motion for preliminary approval of a class action settlement. I am familiar with the facts and circumstances set forth herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the parties' executed settlement agreement.

3. Attached hereto as **Exhibit 2** is a proposed preliminary approval order.

4. Defendants own(ed) and operate(d) a number of Indian restaurants in New York City. As is relevant to this action, Essex Hospitality, LLC operates Dhamaka, MasalawalaPS, LLC

1

    operates Masalawala & Sons, Thomson Hospitality LLC operates Addia Indian Canteen, Tapestry Management, LLC operated Rahi restaurant and currently operates Semma Southern Indian, and The Masalawala LLC operated The Masalawala (together with Dhamala, Masalawala & Sons, Adda Indian Canteen, Tapestry, Rahi, and Semma Southern Indian, the "Restaurants"). At all relevant times, Defendant Debabrata Roni Mazumdar has been an owner of all of the LLC Defendants in this action.

5. Named Plaintiff David Feyder Reuveni worked at Dhamaka and Masalawala & Sons as a server.

6. On December 28, 2022, Reuveni commenced this action on behalf of himself and a putative class of similarly situated service employees, alleging that Defendants (1) did not pay service employees the New York minimum wage for all hours worked, in violation of N.Y. Lab. L. § 652; (2) did not pay service employees the correct overtime rate for overtime hours worked, in violation of the FLSA and New York law; (3) required service employees to share tips with tip ineligible managers, in violation of N.Y. Lab. L. § 196-d; and (4) did not provide service employees with the wage statements and wage notices required under N.Y. Lab. L. § 195.

7. On January 10, 2023, Isaac Estevez, who worked as a bartender at Defendants' Rahi, Semma Southern Indian, and Masalawala & Sons restaurants, joined this action as an Opt-In Plaintiff.

8. Plaintiff filed amended complaints on February 7 and June 16, 2023, the latter of which added The Masalawala LLC as a Defendant.

9. Pursuant to stipulation, on July 13, 2023 Plaintiff's counsel sent notice of the FLSA claims in this case was to all tipped employees who worked at five of Defendants' restaurants –

Adda Indian Canteen, Dhamaka, Masalawala & Sons, Rahi, and Semma Southern Indian – on or after December 28, 2019. In addition to the Named Plaintiff and Estevez, 11 individuals joined the action as Opt-In Plaintiffs in response to that notice.

10. Plaintiff's minimum wage claim is based on Defendants' use of the tip credit to pay service employees. Plaintiff alleges that Defendants were not entitled to use the tip credit because Defendants (1) did not provide written notice of the tip credit to employees and (2) required service employees to spend at least two hours or 20% of their shifts performing non-tipped work such as cleaning, setting tables, polishing silverware and glassware, rolling napkins, and other sidework.

11. Plaintiff contends that even if Defendants were entitled to use the tip credit, they did not pay service employees the proper overtime rate until approximately December 2022. The tip credit overtime rate is calculated by multiplying the full minimum wage by 1.5 and then subtracting the tip credit. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. Thus, for an employee paid a $10 tip credit rate when the full minimum wage was $15, the tip credit overtime rate was $17.50 ($15 * 1.5 = $22.50 - $5 tip credit = $17.50). However, until approximately December 2022, Defendants paid Class Members an overtime rate of 1.5 times the tip credit minimum wage. For example, an employee paid a $10 tip credit rate was paid an overtime rate of $15 rather than $17.50.

12. In addition, although many service employees worked at more than one restaurant, Defendants did not aggregate their hours across restaurants for the purpose of calculating overtime hours. Plaintiff maintains that the Restaurants constitute a single integrated employer, and therefore Defendants were obligated to aggregate hours for overtime purposes.

3

13. Plaintiff also contends that the tip pools at Dhamaka, Rahi, and Semma Southern Indian restaurant violated N.Y. Lab. L. § 196-d because they included managers who had, *inter alia*, hiring, firing, and scheduling authority.

14. Finally, Plaintiff alleges that Defendants (1) either failed entirely to provide the wage notices required under N.Y. Lab. L. § 195(1) or provided deficient notices; and (2) violated N.Y. Lab. L. § 195(3) by failing to accurately identify the tip credit taken.

15. The parties engaged in substantial discovery prior to reaching a settlement. Following extensive discovery disputes and pursuant to Court Order, Defendants produced all putative Class Members' time records, payroll records, wage notices, wage statements, and tip sheets in their possession.

16. Following extensive discovery disputes and pursuant to Court Order, Defendants produced all putative Class Members' time records, payroll records, wage notices, wage statements, and tip sheets in their possession.

17. The Named Plaintiff and the 11 Opt-In Plaintiffs on whom Defendants served written discovery requests – Zachary Abercrombie, Lupe Alexandra Avila, Jonathan Castro, Aawa Ebret, Isaac Estevez, Jaime Figueroa, Jacqueline Gil, Kumar Ganapathy, Artemio Lopez, Alaska Stewart, and Sydney Williams (collectively, the "Discovery Plaintiffs") – also responded to Defendants' written discovery requests and, if applicable produced responsive documents. Defendants did not serve discovery requests on the twelfth Opt-In Plaintiff, Jonathan Gil Escobar.

18. The Named Plaintiff and the Discovery Plaintiffs expended significant time providing documents and critical facts to counsel and participating in discovery. The Named Plaintiff and Opt-In Plaintiffs Abercrombie, Estevez, Gil, and Williams also met with me in

anticipation of providing declarations for the class certification motion that, prior to reaching a settlement, was due on February 1, 2024.

19. Plaintiff took four depositions, which included Fed. R. Civ. P. 30(b)(6) depositions of each Corporate Defendant and depositions of the two Individual Defendants.

20. On January 22, 2024 the parties attended a private mediation with mediator Martin Scheinman.

21. At the mediation, the parties agreed to settle this case for $1,500,000.00.

22. Plaintiff and JK believe this settlement amount is highly favorable to the Class in light of their risks in this litigation.

23. The settlement amount exceeds the maximum amount of Class Members' unpaid minimum wage compensation, which is the largest single claim in this case.

24. The settlement amount is roughly 28% of the Class Members' maximum possible recovery, including liquidated damages and penalties. Liquidated damages and penalties together make up approximately two-thirds of the maximum possible recovery.

25. Absent a settlement, the Class faces substantial risks in obtaining their maximum possible recovery. For example, there are factual disputes concerning the duties of the people Plaintiff contends were improperly included in the Dhamaka, Rahi, and Semma tip pools. In addition, while Plaintiff contends that no Class Members received adequate notice of the tip credit, some wage and other notices were provided to some Class Members, and the parties dispute whether any of those notices were sufficient.

26. If litigation continued, Defendants would also likely challenge Plaintiff's N.Y. Lab. L. § 195 claims on standing grounds.

27. Defendants have represented that paying a settlement of this side is a financial hardship, as reflected in the 25-month payment period. The Restaurants are also small, with 20 or fewer tables each, and The Masalawala closed in 2021.

28. The parties estimate that the Class as defined in the Settlement Agreement has approximately 227 members.

29. Named Plaintiff Reuveni is an adequate representative of the proposed class, has fairly and adequately represented and protected the interests of all Class Members, and has no known conflicts with Class Members.

## PLAINTIFF'S COUNSEL

30. JK is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters.

31. D. Maimon Kirschenbaum manages the firm.

32. Since graduating from Fordham University School of Law in 2005, Mr. Kirschenbaum has worked at JK. As a result of his accomplishments, he became member/partner of the firm in May of 2007.

33. I received my J.D. from New York University School of Law in 2008 and joined JK in January 2009. I was an associate until February 2017, when I became a partner.

34. Throughout my tenure at JK, I have almost exclusively represented employees with wage and hour and discrimination/retaliation claims, on both an individual and class basis.

35. Josef Nussbaum graduated from McGill University's Faculty of Law in 2009 and joined JK in 2011. He became a partner in 2020.

36. The majority of Mr. Nussbaum's personal current docket consists of class and collective action lawsuits against New York employers for wage and hour violations.

37. Mr. Kirschenbaum, Mr. Nussbaum, JK, and I have been approved numerous times as lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA collective actions) in wage and hour actions in federal and state courts. *E.g.*, *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234 (2d Cir. 2011); *Martinenko v. 212 Steakhouse Inc.*, No. 22 CV 518, 2023 U.S. Dist. LEXIS 73982 (S.D.N.Y. Apr. 27, 2023); *Lomeli v. Falkirk Mgmt. Corp.*, Index No. 1580-2016 (N.Y. Sup. Ct. Orange County Oct. 22, 2021); *Argudo v. Parea Grp. LLC,* No. 18 CV 0678, U.S. Dist. LEXIS 163249 at *17 (S.D.N.Y. Sept. 24, 2019) (Furman, J.); *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61 (S.D.N.Y. 2018); *Murphy v. Lajaunie*, No. 13 CV 6503, 2015 U.S. Dist. LEXIS 97531 (S.D.N.Y. July 24, 2015); *Megason v. Starjem Rest. Corp.*, No. 12 Civ. 1299, 2014 U.S. Dist. LEXIS 3910 (S.D.N.Y. Jan. 13, 2014); *Schear v. Food Scope Am, Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014); *Spicer v. Pier Sixty LLC*, 2012 U.S. Dist. LEXIS 137409 (S.D.N.Y. Sept. 14, 2012); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, 2012 U.S. Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011); *Spicer v. Pier Sixty LLC*, 2010 U.S. Dist. LEXIS 76782 (S.D.N.Y. July 26, 2010); *Kato v. Masa NY*, Index No. 09-104578 (S. Ct., N.Y. County Jan. 28, 2010); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009) (conditionally certifying FLSA collective action); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009); *Williams v. Twenty Ones, Inc.*, No. 07-Civ-3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007).

38. Several of these cases have changed the landscape of wage and hour class and collective litigation in general, and such litigation in the food service industry specifically. *See*, *e.g.*, *Shahriar*, 659 F.3d 234 (affirming class certification and holding that in FLSA actions

pursued on a collective basis under 29 U.S.C. § 216(b), courts may exercise supplemental jurisdiction over state law claims pursued on a class basis under Fed. R. Civ. P. 23); *Spicer*, 249 F.R.D. 321 (holding that the New York Court of Appeals' decision in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), finding that mandatory charges can be gratuities applies retroactively and issuing first denial of a defendant's summary judgment motion on *World Yacht* claim).

39. As a result of these lawsuits, we have recovered over $100 million for thousands of workers. *E.g.*, *Gordon v. Bluetriton Brands, Inc.*, No. 616877/2022 (N.Y. Sup. Ct. Nassau County Oct. 24, 2023) (granting final approval of $8.4 million settlement); *Capsolas*, 2012 U.S. Dist. LEXIS 144651 (granting final approval of $5,250,000 settlement); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240, 2012 U.S. Dist. LEXIS 137409 (S.D.N.Y. Sept. 14, 2012) (granting final approval of $8.5 million settlement); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11 Civ. 0520, 2012 U.S. Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012) (granting final approval of $4,750,000 settlement); *Alderman v. 21 Club Inc.*, No. 09 Civ. 2418 (S.D.N.Y. Jan. 27, 2012) (granting final approval of $2,000,000 settlement); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011) (granting final approval of $1,975,000 settlement); *Braunstein v. Hudson Hall LLC*, No. 19 Civ. 7983 (S.D.N.Y. May 14, 2021) (approving $950,000 settlement); *Ahad v. BLT Steak LLC*, No. 08 Civ. 5528 (S.D.N.Y. Aug. 13, 2010) (approving $925,000 settlement); *Brinker v. Planet Hollywood N.Y., L.P.*, No. 08 Civ. 443, 2009 U.S. Dist. LEXIS 76613 (S.D.N.Y. Aug. 13, 2009) (granting final approval of $900,000 settlement); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of $2,500,000 settlement).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York        /s/ Denise A. Schulman
       January 5, 2024              Denise A. Schulman